Argued March 17, affirmed April 13, 1926.

## CHARLES T. SMITH v. FRED DUNDEE.

(244 Pac. 874.)

Contracts—In Action to Recover Damages for Defectively Repairing Gasoline Engine, Damaged Condition of Engine Few Months Later was Properly Shown, There Being Evidence to Show Such Resulted from Defendant's Defective Work.

1. In action to recover damages resulting from alleged defective work in repairing gasoline engine under agreement to repair in a good and workmanlike manner, evidence of damaged condition a few months later was admissible; there being evidence to justify finding that such resulted from defendant's defective work.

Contracts.

2. In action for damages for defective repairing of gasoline engine, evidence *held* to support finding that damaged condition resulted from defendant's defective work.

Appeal and Error.
  3.  Where the testimony sharply conflicts, the Supreme Court is
concluded upon the facts by the verdict.

Appeal and Error, 4 C. J., p. 860, n. 10.
Bailments, 6 C. J., p. 1162, n. 32.

From Multnomah: GEORGE F. SKIPWORTH, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Collier, Collier & Bernard,* with an oral argument by *Mr. Henry E. Collier.*

For respondent there was a brief and oral argument by *Mr. Oliver M. Hickey.*

RAND, J.—Plaintiff operates a tugboat on the Columbia River which is propelled by two gasoline engines, one of which was delivered to defendant for the purpose of having it repaired. Defendant made said repairs, and was paid therefor. Subsequently, other repairs of the engine and replacements of defective parts were made by a third party. This action was brought to recover the damage resulting from the alleged defective work of defendant in making said repairs. The complaint in effect alleges that the defendant undertook and agreed to repair said engine in a good and workmanlike manner, and that he failed so to do, and that by reason thereof the engine, after being repaired by defendant, could not be operated, and that in attempting to operate it, certain parts thereof burned out, necessitating replacements, and the making of other repairs. The damages claimed was the amount expended by plain-

3.  See 2 R. C. L. 193.

tiff for such replacements and subsequent repairs. The cause was tried to a jury, plaintiff had verdict, and from the judgment rendered thereon defendant appealed.

1, 2. There are but three assignments of error, and these all relate to the admission over defendant's objection of testimony given by plaintiff and another witness, concerning the condition of the engine at the time the second repairs were made. Defendant contends that this testimony was not admissible, because it relates to the condition of the engine at a time some three or four months after the first repairs had been made, and claims that there was no evidence tending to show that the engine, when last repaired, was in the same condition that it was in when returned to plaintiff after being repaired by defendant. When this objection was urged in the court below, in overruling it the court said that there was evidence tending to show that fact, and an examination of the record shows that there was evidence sufficient, if believed, to justify the jury in finding that the damaged condition of the engine was the result of defendant's defective work. Nothing further was necessary to sustain the verdict.

3. There was a sharp conflict in the testimony, and while after carefully reading the entire transcript of the testimony which is attached to and made a part of the bill of exceptions, we might be disposed to find in favor of the defendant, if we were at liberty so to do, we have no such power, and are concluded upon the facts by the verdict.

There was no error in the rulings referred to, and the judgment is therefore affirmed.

AFFIRMED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.